Matter of Schoenhals v Morton (2025 NY Slip Op 05369)

Matter of Schoenhals v Morton

2025 NY Slip Op 05369

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

650 CA 24-00803

[*1]IN THE MATTER OF KAI PETER SCHOENHALS, PETITIONER-APPELLANT,
v
RICHARD WILLIAM MORTON, ET AL., RESPONDENTS. ——————————————————————————— SANTIAGO BURGER LLP, RESPONDENT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-APPELLANT.
SANTIAGO BURGER LLP, ROCHESTER (MICHAEL A. BURGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order and decree (one paper) of the Surrogate's Court, Ontario County (Frederick G. Reed, S.), entered October 20, 2023. The order and decree, inter alia, granted the motion of Santiago Burger LLP, seeking leave to withdraw as counsel for petitioner and to fix compensation. 
It is hereby ORDERED that the order and decree so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order and decree granting the motion of Santiago Burger LLP seeking leave to withdraw as counsel for petitioner and approving and fixing attorney compensation. Petitioner contends that Surrogate's Court erred in denying his request for an adjournment to retain new counsel to oppose the motion. "A request for an adjournment is entrusted to the sound discretion of the court, whose determination will not be disturbed absent an abuse or improvident exercise of that discretion" (Pitts v City of Buffalo, 19 AD3d 1030, 1030 [4th Dept 2005]; see McIntosh v Genesee Val. Laser Ctr., 121 AD3d 1560, 1562 [4th Dept 2014], lv denied 25 NY3d 911 [2015]; see also Flowers v Harborcenter Dev., LLC, 169 AD3d 1387, 1387 [4th Dept 2019]). We conclude that the Surrogate did not abuse his discretion in denying petitioner's request for an adjournment. In addition to Santiago Burger LLP, petitioner was represented by different counsel in California, where he lived, and he had ample opportunity before the return date of the motion to retain new counsel in New York. In addition, petitioner demonstrated during the court appearance on the return date of the motion that he was dissatisfied
with Santiago Burger LLP's representation of him, which was simply an additional reason for the Surrogate to grant the motion.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court